**In re Grand Jury Proceeding Related to John DOE.**

**No. 08–0476–cv.**

United States Court of Appeals, Second Circuit.

March 20, 2009.

Gary G. Becker, Gary G. Becker, L.L.C., New York, New York, for Appellant.

Martin E. Coffey, Assistant United States Attorney (Stephen E. Frank, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, New York, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. JOSEPH F. BIANCO, District Judge.*

## SUMMARY ORDER

Defendant-appellant John Doe appeals from an order holding Doe in civil contempt for failing to abide by the district court's order compelling Doe to provide fingerprints, handwriting exemplars and a photograph to the grand jury. We assume the parties' familiarity with the factual background, procedural history and issues raised in this appeal. For the reasons that follow, we affirm the district court's order holding Doe in civil contempt of the court.

We conduct an exacting review, for abuse of discretion, of an order holding a party in civil contempt. *See E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996). Civil contempt may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of noncompliance is clear and convincing, and the respondent has not been reasonably diligent in attempting to comply with the order. *Id.*

⬛ Regarding the challenge to the request for handwriting exemplars, "[t]he taking of . . . exemplars [does] not violate petitioner's Fifth Amendment privilege against self-incrimination," because the privilege protects only against the compelling of communications, regardless of their form. *Gilbert v. California*, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *see United States v. Hubbell*, 530 U.S. 27, 34–35, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). "A mere handwriting exemplar, in contrast to the content of what is written,

---

* The Honorable Joseph F. Bianco, United States District Judge, sitting by designation.

like the voice or body itself, is an identifying physical characteristic outside [Fifth Amendment] protection." *Gilbert,* 388 U.S. at 266–67, 87 S.Ct. 1951. "The Fourth Amendment provides protection against a grand jury subpoena *duces tecum* too sweeping in its terms 'to be regarded as reasonable.'" *United States v. Dionisio,* 410 U.S. 1, 11–12, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) (quoting *Hale v. Henkel,* 201 U.S. 43, 76, 26 S.Ct. 370, 50 L.Ed. 652 (1906)).

The district court properly relied on *Gilbert* when it determined that the handwriting exemplar sought by the subpoena at issue was not protected by the Fifth Amendment. Doe calls into question the scope of the Fifth Amendment protection announced in *Gilbert.* Only the Supreme Court, however, has authority to reconsider its ruling in *Gilbert. See Rodriguez de Quijas v. Shearson/American Exp., Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). The government acknowledges that Doe would be entitled to assert the Fifth Amendment right against self-incrimination if the government were seeking written answers to incriminating questions or a signature on an incriminating statement or if the government were seeking "to plumb Doe's thought processes by testing [Doe's] spelling abilities through dictation." The grand jury subpoena, however, does not implicate any of these possibilities, and Fifth Amendment protection is unavailable with respect to the identifying information that is sought.

■ Contrary to Doe's argument with respect to all the items sought by the subpoena, we also find that the subpoena describes with reasonable particularity the evidence to be provided to the grand jury. While Doe is not yet privy to the text the government intends to ask Doe to copy as Doe's handwriting exemplar, by the very arguments made to this Court, it is clear Doe understands that it is Doe's own fingerprints, handwriting exemplar and a photograph that are sought. If it were otherwise, Doe would not be invoking her Fifth Amendment rights.

■ The district court's order compelling Doe's compliance with the subpoena is clear and unambiguous, the proof of noncompliance is clear and convincing, and Doe has opposed efforts to accomplish what was ordered. Accordingly, the district court did not abuse its discretion when it held Doe in civil contempt of the court based on Doe's refusal to comply with the grand jury subpoena, as she had been ordered to do.

The order of the district court is **AFFIRMED.**